IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAZARO GARCIA, | § | |
| TDCJ-CID NO. 1315133, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-08-2673 |
| | § | |
| RICK THALER,[1] | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Lazaro Garcia, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his felony conviction for possession of a controlled substance with intent to deliver. (Docket Entry No.1). Respondent has filed a motion for summary judgment. (Docket Entry No.18). Petitioner has filed a response to the motion. (Docket Entry No.23). After considering all pleadings and the entire record, the Court will grant respondent's motion for summary judgment and dismiss this habeas petition.

## I. BACKGROUND AND PROCEDURAL HISTORY

A jury in the 268th Criminal District Court of Fort Bend County, Texas convicted petitioner of possession of a controlled substance in cause number 40387 and sentenced him to sixty years confinement in TDCJ-CID. *Garcia v. State*, No.01-05-00801-CR, Clerk's Record, page 94. Petitioner complained on direct appeal that the state district court erred in (a) refusing to consider evidence that a search warrant affidavit contained fraudulent information; (b) failing to review audio and videotapes of a confidential informant; and (c) failing to include an

---

[1] Rick Thaler has replaced Nathaniel Quarterman as the Director of the Texas Department of Justice-Correctional Institutions Division. Accordingly, Thaler is automatically substituted as a party. FED. R. CIV. P. 25(d)(1).

instruction on probable cause in the jury charge. *Garcia v. State*, No. 01-05-00801-CR, 2006 WL 3030285 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd) (unpublished memorandum opinion). The state intermediate appellate court affirmed the conviction.[2] Petitioner's *pro se* petition for discretionary review was dismissed as untimely filed. PD-1807-06. Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court.

Petitioner sought state habeas relief from the conviction on grounds that he was denied the effective assistance of counsel at trial because his appointed counsel did not (a) compel the State to produce an audio and video recording that allegedly showed petitioner selling drugs to a confidential informant; (b) amend the motion to suppress to request a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) ("*Franks* hearing"); (c) request a jury instruction on probable cause; and, (d) file a motion to reconstruct the missing portions of the record. *Ex parte Garcia*, Application No.WR-70,128-01, pages 169-74. Petitioner also complained that he was denied the effective assistance of counsel on appeal. *Id*. The state district court, sitting as a habeas court, entered Findings of Fact and Conclusions of Law and recommended that relief be denied. *Id.*, pages 279-80. The Texas Court of Criminal Appeals denied the application without written order. *Id.* at action taken page.

---

[2] The First Court of Appeals summarized the evidence presented at trial as follows:

> In June 2004, Detective A. Slater executed a search warrant at Garcia's apartment. During the search, Detective Slater found 20.30 grams of crack cocaine, a digital scale, some small plastic bags, a glass pipe, lighters, a gun, money, and a brillo pad, which people often use as a filter to smoke crack cocaine. After Detective Slater took Garcia into custody, Garcia waived his rights under article 38.22, section 2 of the Texas Code of Criminal Procedure and signed a written statement. *See* TEX.CODE CRIM. PROC. ANN. art. 38 .22, § 2 (Vernon 2005). In the statement, Garcia admitted that he was the sole lessee of the apartment, and that the amount of cocaine found inside the apartment was just less than one ounce. Garcia further admitted that he had been selling crack cocaine for three months at the time of his arrest.

*Garcia v. State*, No.01-05-00801-CR, 2006 WL 3030285, *1 (Tex.App.-Houston [1st Dist.] 2006, pet. dism'd).

In the pending petition, petitioner seeks federal habeas relief from this conviction on the grounds that he was denied the effective assistance of counsel at trial and on appeal. (Docket Entry No.1). Petitioner claims that his trial counsel waived his Fourth Amendment rights at trial by failing to challenge the truthfulness of the probable cause affidavit. *Id.* Petitioner claims that his appellate counsel, who was also his trial counsel, filed an appeal that was moot. *Id.*

Respondent moves for summary judgment on grounds that petitioner has failed to meet his burden of proof under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that his claims fail on the merits. (Docket Entry No.18).

## II. DISCUSSION

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d

399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in the state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers")).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas

rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 2254 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

### A. Ineffective Assistance of Counsel at Trial

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient

performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Petitioner complains that his trial counsel was deficient for failing to challenge the truthfulness of the probable cause affidavit supporting the search warrant, which gave rise to the search of his residence. (Docket Entry No.2, page 6). Petitioner contends the affidavit contains numerous contradictory attestations regarding the affiant's view of the confidential source ("CS") entering petitioner's apartment. Petitioner also contends that the affidavit reflects only circumstantial evidence of a drug transaction and does not show that petitioner is the actual drug dealer. (*Id.*, pages 6-13). Petitioner complains that trial counsel's failure to challenge the affidavit by requesting a *Franks* hearing prejudiced his only defense, *i.e.*, that he was not the drug dealer, and failed to preserve such error on appeal. (*Id.*).

During state habeas proceedings, petitioner's trial counsel attested to the following, in pertinent part, to questions from the state district court, sitting as a habeas court:

> There were problems with disclosing the identity of the confidential source; therefore, I pursued the issue by asking the Court to independently review the tape for legitimacy of the State's claims of probable cause for a search warrant against applicant's claims of falsehood. Applicant's claims of false pretenses and false statements to establish probable cause for a search warrant were brought to the Court's attention before the Court's ruling on probable cause; however, the Court ruled against us anyway without reviewing the subject tape, which indicated to me that probable cause, was already established without getting to the issue of whether applicant was or was not the individual making the drug sell in the video. It did not matter whether applicant was identified in the subject tape

> because probable cause to search that apartment was already established. Applicant's memorandum admits on page 5 that police saw the confidential source" ...go inside..." the apartment and that the video would only have made the polices' sworn affidavit "...questionable...." It was up to the trial judge as trier of facts on probable cause to believe or disbelieve as he saw fit. I pursued the issue to the most effective extent possible under the facts made available to me and I am not required to become a testimonial witness for the defense in a case in which I am trial counsel; I did what I was required to do, that is to argue falsity negating probable cause and that is what I did. It is not my fault the Judge did not believe there was sufficient falsity or errors in the police behavior to merit pursuit of the matter further and/or ruling in applicant's favor.

*Ex parte Garcia*, Application No.WR-70,128-01, pages 204-05. With respect to trial counsel's failure to pursue an amended motion to suppress to preserve error for a *Franks* hearing, trial counsel attested in pertinent part, as follows:

> The record speaks for itself. Otherwise, I have no comment except to say that I did everything I could with the facts available to convince the Trial Judge that he could look beyond the four corners of the search warrant affidavit. There simply was not enough evidence of falsity; rather, it was just a matter of factual interpretation in light of the fact that whether applicant was on the tape did not matter and how well the police could see the confidential source "… go inside…" was a mere finding of fact matter for the Trial Judge. Since the Trial Judge determines the facts, not the appellate courts, pursing the matter any further in this way was pointless. We put on all the evidence we had of police falsity to try to get the Trial Judge to look beyond the affidavit; but, the Trial Judge obviously decided it was not enough to do "Franks" hearing, much less enough to win a "Franks" hearing.

(*Id.*, page 205).

The state habeas court made no specific findings with respect to the credibility of trial counsel's attestations but found that petitioner had failed to show that his counsel's performance was deficient; the state court further found that petitioner was not entitled to state habeas relief because he did not receive ineffective assistance of counsel. *Id.,* page 279. The Texas Court of Criminal Appeals denied the state application without written order. *Id.* at action

taken page. Petitioner contends that the state habeas courts' findings are unreasonable; he was prejudiced by his trial counsel's failure to pursue a *Franks* hearing because such error was waived on appeal. (Docket Entry No.2, page 12).

The record does not support trial counsel's attestations. The record shows that trial counsel filed two motions to suppress evidence obtained from the allegedly illegal search of petitioner's residence but he did not challenge the veracity of the probable cause affiant on the same grounds before the Court and he did not request a *Franks* hearing.[3] *Garcia*, Clerk's Record, pages 14, 20. The state district judge denied the motions to suppress and expressly stated the following with respect to the probable cause affidavit:

> The examination of the four corners of the affidavit clearly spells out in detail the information gathered by the confidential informant. And in fact, it was audioed [sic] and videoed. There's enough there for the magistrate to make a determination of the probable cause certificate to support the motion to – or to support the search warrant. Therefore, I'm denying the two motions to suppress the evidence.

*Id*., page 248.

The record supports the findings of the state district judge. A valid search warrant may be issued only on a finding of probable cause. *United States v. Perez*, 484 F.3d 735, 740 (5th Cir. 2007). Probable cause has been defined as "only a probability, and not a *prima facie* showing, of criminal activity." *Illinois v. Gates*, 462 U.S. 213, 235 (1983). The information necessary to show probable cause must be contained within a written affidavit given under oath. *Perez*, 484 F.3d at 740. Probable cause does not require proof beyond a reasonable doubt. A

---

[3] At the hearing on the motions, trial counsel did not question the probable cause affiant about whether he actually observed the CS enter petitioner's apartment. *Garcia*, Reporter's Record, Volume 2, pages 139-48. On cross-examination the affiant testified that he personally reviewed the audio/video recordings of the controlled drug transactions and verified and corroborated what the CS told him with the recordings. *Id.*, page 166. Petitioner testified that he thought the probable cause affidavit was fraudulent "[b]ecause on the affidavit it shows that – it says that they have a videotape of me personally making a sell. And we asked for the video, and they said that they didn't have any." *Id.*, page 204.

magistrate judge must have a substantial basis for concluding that a search would uncover evidence of wrongdoing. A magistrate judge's determination that probable cause exists is entitled to deference. *Id.* In doubtful cases, the search under the warrant should be sustained. *Id*. In this case, the facts alleged in the probable cause affidavit of three controlled drug transactions provided a substantial basis for concluding that a search would uncover evidence of criminal wrongdoing in petitioner's apartment.[4]

---

[4] On June 16, 2004, Fort Bend County Detective M. Davila prepared an affidavit for a search warrant for petitioner's residence in connection with the possession and sale of cocaine, wherein he attested to three drug transactions facilitated by a CS at petitioner's residence on June 2, 2004, as follows in pertinent part:

> On June 02, 2004, your Affiant met with the CS at an undisclosed location and briefed him/her on conducting a controlled purchase of crack cocaine. The Affiant searched the CS person and property to insure there were no narcotics or contraband in his/her possession. Detective Gonzales provided the CS with a hidden audio and video transmitting device that the CA, could hide on his/her person. The Affiant handed the CS an undisclosed amount of currency from the Fort Bend County Narcotics Fund and instructed the CS to go to the suspect's residence and purchase a usable amount of cocaine from "Santana". Your Affiant and Task Force Officers conducted physical surveillance on the suspect's residence, while the narcotics transaction took place. The audio/video recorded was activated and your Affiant drove CS to 1315 Austin Street, #7B, Rosenberg, Texas. The CS went to the suspect apartment while Affiant waited outside in an undercover police vehicle. Affiant observed CS approach the suspect apartment, and go inside. After several minutes Affiant observed the CS walk away from the apartment and return to the undercover vehicle. Your Affiant recovered a usable amount of suspected crack cocaine from CS. CS stated the crack cocaine was just purchased from "Santana" at 1315 Austin Street, #7B, Rosenberg, Texas. . . . Affiant found that the entire transaction was captured and recorded on video tape. Affiant reviewed the recording and observed the CS walk upstairs and know on apartment 7B. CS was met by unknown Hispanic male, that the CS identified him as "Santana" subject. The CS followed "Santana" to the bedroom. The video shows the Hispanic male reach to a compartment in the headboard of the bed. The "Santana" subjected handed the suspected crack cocaine to CS. The CS exchanged the documented U.S. currency for the suspected crack cocaine. The CS returned to the undercover vehicle.
>
> \*   \*   \*   \*   \*
>
> Later that same date, June 2, 2004, your Affiant met with the CS again, at an undisclosed location and briefed him/her on conducting a controlled purchase of crack cocaine. . . . The Affiant handed the CS and undisclosed amount of currency . . . and instructed the CS to go to the suspect's residence and purchase a usable amount of cocaine from "Santana". . . . The CS went to the suspect apartment while Affiant waited outside in an undercover police vehicle. Affiant observed CS approach the suspect apartment, then leave from the apartment and return to the undercover vehicle. . . . Affiant found that the entire transaction was captured and recorded on video tape. . . . The CS asked the unknown subject for a usable amount of suspected crack cocaine. The unknown subject handed the

Moreover, petitioner proffers no substantial evidence to support his claims that the affidavit was fraudulent. An affidavit used to support a search warrant is presumed valid. *Franks v. Delaware*, 438 U.S. 154, 171 (1978). The affidavit's veracity may be attacked by showing deliberate falsehood or reckless disregard for the truth by the affiant. *Id.* To meet this burden, the challenger must make a substantial showing that (1) allegations in a supporting affidavit were deliberate falsehoods or made with a reckless disregard for the truth, and (2) after the false statement are removed or the improper omissions added, the affidavit is not sufficient to support a finding of probable cause. *Moreno v. Dretke*, 450 F.3d 158, 169-70 (5th Cir. 2006). The defendant bears the burden of showing, by a preponderance of the evidence, that a misstatement was made with more than mere negligence. *United States v. Runyan*, 290 F.3d 223, 234 n. 6 (5th Cir. 2002). Even if the defendant can show that the affiant made deliberately false statements or made statements with reckless disregard for the truth, the defendant is not

---

suspected crack cocaine to CS. The CS exchanged the documented U.S. currency for the crack cocaine. The CS returned to the undercover vehicle.

\* \* \* \* \*

Within the past twenty-four hours, your Affiant met with the CS, at an undisclosed location and briefed him/her on controlled purchase of crack cocaine. . . . Your Affiant and Task Force Officers conducted surveillance on apartment 7B, while the narcotics transaction took place. . . . The CS went to apartment 7B while Affiant waited outside in an undercover police vehicle. Affiant observed CS approach apartment 7B, then leave Affiant's view. After several minutes Affiant observed the CS walk away from the apartment and return to the undercover vehicle. Your Affiant recovered a usable amount of suspected crack cocaine from CS. CS stated the crack cocaine was purchased from unknown Hispanic female at 1315 Austin Street, #7B, Rosenberg, Texas. . . . Affiant found that the entire transaction was captured and recorded on video tape. Affiant reviewed the recording and observed the CS walk upstairs and knock on apartment 7B. The unknown Hispanic female invited CS inside the apartment. The CS asked the unknown female subject for a usable amount of crack cocaine. The unknown female subject went the bedroom of the residence and met with "Santana". CS followed the unknown female and waited by the bedroom door. The female obtained the crack cocaine from "Santana" and handed it to CS. The CS exchanged the documented U.S. currency for the crack cocaine. The CS returned to the undercover vehicle.

*Garcia v. State*, No.01-05-00801-CR, Reporter's Record, Volume 5, pages 6-8. On the basis of such affidavit, a magistrate judge in the 4th County Court of Law in Fort Bend County signed a search warrant of petitioner's apartment. *Id.*, page 1.

12

entitled to a hearing if, when these statements are set to one side, the warrant affidavit supports a finding of probable cause. *Franks*, 438 U.S. at 171-72. The record does not show, and petitioner has made no substantial showing, that the probable cause affidavit in this case was based on a deliberate falsehood or reckless disregard for the truth by the affiant. Petitioner has failed to show that the state district judge would have granted a request for a *Franks* hearing or that petitioner would have prevailed had the state district judge held a *Franks* hearing. Therefore, petitioner has not established that his trial counsel's failure to request a *Franks* hearing constituted ineffective assistance of counsel. Accordingly, petitioner fails to show that the state habeas courts' findings regarding the effectiveness of his trial counsel are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

### B. Ineffective Assistance of Counsel on Appeal

Petitioner's trial counsel also represented him on appeal. Petitioner claims that appellate counsel rendered ineffective assistance because he failed to argue the appellate record was incomplete and because the claims that he raised on direct appeal were claims that counsel waived at trial. (Docket Entries No.1, No.2).

The same two-pronged standard for evaluating ineffective assistance claims against trial counsel announced in *Strickland* applies to complaints about the performance of counsel on appeal. *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (holding a petitioner arguing ineffective assistance by his appellate counsel must establish both his appellate counsel's performance was objectively unreasonable and there is a reasonable probability that, but for appellate counsel's objectively unreasonable conduct, the petitioner would have prevailed on appeal). Thus, the standard for evaluating the performance of counsel on appeal requires inquiry

into (1) whether appellate counsel's performance was deficient, *i.e.,* whether appellate counsel's conduct was objectively unreasonable under then-current legal standards, and (2) whether appellate counsel's allegedly deficient performance "prejudiced" petitioner, *i.e.,* whether there is a reasonable probability that, but for appellate counsel's deficient performance, the outcome of petitioner's appeal would have been different. *Id*. An appellate counsel who files a merits brief need not and should not raise every non-frivolous claim but, rather, may select from among them in order to maximize the likelihood of success on appeal. *Id*. at 288. The process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail is the hallmark of effective appellate advocacy. *Smith v. Murray*, 477 U.S. 527, 536 (1986). Nonetheless, appellate counsel is obligated to research relevant facts and law or to make an informed decision that certain avenues will not prove fruitful. *See Busby v. Dretke*, 359 F.3d 708, 714 (5th Cir. 2004) (finding a reasonable attorney has an obligation to research relevant facts and law or make an informed decision that certain avenues will not be fruitful).

The state habeas courts found that petitioner failed to show that counsel's performance was deficient on appeal. *Ex parte Garcia*, No.WR-70,128-01, page 279. The state habeas court further found that petitioner did not receive ineffective assistance of counsel. *Id.*

Petitioner, nevertheless, contends that appellate counsel's performance was deficient and prejudicial because he failed to master the appellate record. Petitioner contends the appellate record is incomplete and inaccurate; he cites to numerous clerical errors in the record, one of which inaccurately reflects that the jury was present during a suppression hearing. (Docket Entry No.2-1, page 18). Petitioner complains that appellate counsel did not challenge the accuracy of the record on direct appeal. (*Id.*).

Petitioner also argues that the issues that counsel raised on direct appeal were issues that he, himself, had failed to preserve at trial; therefore, appellate counsel should have been aware that the appellate court would dismiss such issues as waived. (*Id*.). Petitioner contends that counsel really had nothing to challenge on direct appeal given counsel's "scanty performance at trial," except for the incomplete and erroneous record. (*Id.*). Petitioner contends that counsel should have filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), so that petitioner would have had access to the record and the opportunity to file an appellate brief. (Docket Entry No.2-1).

Petitioner is correct in asserting that counsel briefed issues that had not been preserved for appeal.[5] Petitioner, however, has not shown that had such issues been preserved and addressed on the merits on direct appeal, the judgment of the lower court affirming his conviction would have been reversed.[6]

With respect to the issue that petitioner states counsel should have raised on appeal, the state habeas court found that petitioner had acknowledged in his objection to his attorney's affidavit that the jury was not present during hearings on petitioner's motions. *Ex parte Garcia*, No.WR-70,128-01, page 279. Petitioner presents nothing to overcome this finding. Although petitioner cites to obvious clerical errors in the record, none of which are material, he presents nothing to show that the record is incomplete. Moreover, petitioner

---

[5] Petitioner's appellate counsel argued on direct appeal that the state district court erred in refusing to consider evidence that a search warrant affidavit contained fraudulent information; (b) failing to review audio and videotapes of a confidential informant; and (c) failing to include an instruction on probable cause in the jury charge. *Garcia v. State*, No. 01-05-00801-CR, 2006 WL 3030285 (Tex. App.—Houston [1st Dist.] 2006, pet. dism'd) (unpublished memorandum opinion).

[6] As previously discussed, the record reflects that the probable cause affidavit states sufficient facts to show probable cause to execute a search warrant and no facts showing intentional fraud; therefore, the state district court was not required to go beyond the face of the document to review the audio and video tapes of the controlled drug transactions.

proffers nothing to show that had counsel complained about the clerical errors on direct appeal, the result of the appeal would have been different. Petitioner, therefore, fails to show that he suffered prejudice as a result of counsel's failure to address the record on appeal.

Accordingly, petitioner fails to show that the state habeas courts' findings regarding the effectiveness of his appellate counsel are "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

Respondent is entitled to summary judgment on petitioner's claims of ineffective assistance of counsel.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248

(5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

## IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding and appellate courts, the Court ORDERS the following:

1. Respondent's motion for summary judgment (Docket Entry No.18) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

5. This habeas action is DISMISSED with prejudice.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 5th day of March, 2010.

                                    MELINDA HARMON
                            UNITED STATES DISTRICT JUDGE